UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **RICHARD D. WALKER** | **CIVIL ACTION NO. 18-0852** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **STATE OF LOUISIANA** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Petitioner Richard D. Walker, an inmate in the custody of Louisiana's Department of Corrections proceeding pro se and in forma pauperis, filed the instant Petition for writ of habeas corpus under 28 U.S.C. § 2254 on June 26, 2018. [doc. # 1]. Petitioner attacks his forcible rape convictions and the forty-year sentences imposed by the Second Judicial District Court, Jackson Parish.[1] For the following reasons, it is recommended that the Petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

### Background

On July 30, 2015, Petitioner pled guilty to three counts of forcible rape. [doc. # 1, p. 1]. The trial court sentenced him to forty years of imprisonment on November 3, 2015. *Id.* According to Petitioner, he did not appeal his convictions or sentences because neither his counsel nor the trial court informed him that he could appeal. *Id.*

Petitioner filed an application for post conviction relief before the trial court on October 31, 2017,[2] claiming that his sentence was excessive and that both his trial counsel and the trial

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

[2] TELEPHONE CALL TO SECOND JUDICIAL DISTRICT COURT, JACKSON PARISH, July 24, 2018.

court failed to inform him of his right to appeal. *Id.* at 6. The trial court denied the application "without reason" on November 27, 2017. *Id.*

The Second Circuit Court of Appeal denied Petitioner's writ application on January 25, 2018. *Id.* at 2. According to Petitioner, the appellate court cited *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So. 2d 1172, which ruled that, under LA. CODE CRIM. PROC. art. 930.3, a person may not raise an excessive sentence claim in a post-conviction application. *Id.* Petitioner moved the appellate court to reconsider its decision and, on March 1, 2018, the appellate court declined to reconsider. *Id.* at 2-3.

Petitioner filed an application for supervisory writs before the Supreme Court of Louisiana on March 19, 2018. *Id.* at 3. On May 11, 2018, the Supreme Court of Louisiana opined: "WRIT NOT CONSIDERED. Untimely filed pursuant to La. S. Ct. R. X § 5." *State v. Walker*, 2018-0497 (La. 5/11/18), 241 So. 3d 312, 313.

Here, Petitioner assigns error to his trial counsel and the trial court, claiming that both failed to inform him of his right to appeal. *Id.* at 5. Petitioner also claims that his sentence is excessive. *Id.* at 7.

## Law and Analysis

Title 28 U.S.C. § 2244(d)(1) provides a one-year statute of limitations for filing habeas corpus applications by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28

U.S.C. § 2244(d)(1)(A).³ Under LA. CODE CRIM. PROC. art. 914(B), a "motion for an appeal must be made no later than: (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken."

Here, the trial judge sentenced Petitioner on November 3, 2015. [doc. # 1, p. 1]. As Petitioner did not file a direct appeal, his conviction became final thirty days later, on December 3, 2015. See *State v. Williams*, 16-32 (La. App. 5 Cir. 8/24/16), 199 So. 3d 1205, 1209 ("It is well established that a defendant may only appeal from a final judgment of conviction when sentence has been imposed.").

Because Petitioner's conviction became final on December 3, 2015, Petitioner had one year, or until December 3, 2016, to file a federal habeas corpus petition. However, since December 3, 2016, fell on a Saturday, the one-year period was extended to the following Monday, or December 5, 2016.⁴ Petitioner did not file the instant Petition until June 26, 2018. Thus, Petitioner's claims are barred by the one-year limitation period unless Petitioner extended the December 5, 2016 deadline through statutory or equitable tolling.

---

³ Nothing in the record suggests that any state-created impediments prevented the filing of this Petition. See 28 U.S.C. § 2244(d)(1)(B). To the extent Petitioner argues that the trial court's failure to inform him of a right to appeal constitutes a state-created impediment, the supposed impediment did not prevent him from filing a timely petition for writ of habeas corpus.

In addition, Petitioner's claims do not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. See *id.* § (d)(1)(C). Further, Petitioner does not contend that "the factual predicate of the claim or claims presented" were "discovered through the exercise of due diligence" after the date on which his judgment became final. See *id.* § (d)(1)(D).

⁴ See FED. R. CIV. P. 6(a)(1)(C) (stating that a one-year period should "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

## I. Statutory Tolling

The statutory tolling provision in 28 U.S.C. § 2244(d)(2) provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ." However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998), and the limitations period is tolled only for as long as the state application remains pending. *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).

Here, Petitioner did not file an application for post-conviction relief before the one-year limitations period expired. As noted, Petitioner's conviction became final on December 3, 2015. Absent tolling, the time period for filing a federal habeas corpus petition would expire on December 5, 2016. Petitioner waited until October 31, 2017, to file an application for post-conviction relief in state court. As Petitioner did not file for post-conviction relief in state court before December 5, 2016, Petitioner did not interrupt or toll the period of limitation. Accordingly, the instant Petition is untimely and should be dismissed absent rare and exceptional circumstances.

## II. Equitable Tolling

The one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *U.S. v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). "A petitioner's failure to satisfy the statute

4

of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Nothing supports equitable tolling here. To the extent Petitioner argues that ignorance of the right to appeal should equitably toll the statute of limitations, the Fifth Circuit has held that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (citation omitted). "It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason." *Id.*

Moreover, there is no indication that the trial court or Plaintiff's trial counsel actively misled Plaintiff or otherwise prevented him from asserting his rights in some extraordinary way. Insofar as Plaintiff's counsel neglected to inform Plaintiff of a right to appeal, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *In re Lewis*, 484 F.3d 793, 797 (5th Cir. 2007).[5] Accordingly, the Petition is time-barred under 28

---

[5] See *Washington v. Thaler*, 2009 WL 3334367, at *2 (S.D. Tex. Oct. 14, 2009) ("[T]o the extent that petitioner's trial counsel erred in failing to notify him of his right to appeal his state conviction and sentence, such error or neglect is not an 'extraordinary circumstance,' such as may permit equitable tolling of the limitations period."); *Mason v. Cockrell*, 2002 WL 1477438, at *3 (N.D. Tex. July 9, 2002) ("Petitioner has previously argued that . . . his counsel failed to inform him of his right to appeal . . . . [N]either Petitioner's unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor his lack of representation during the applicable filing period merits equitable tolling."); c.f. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("An attorney's intentional deceit

U.S.C. § 2244(d)(1)(A).

## Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Petitioner Richard D. Walker's Petition for habeas corpus, [doc. # 1], be **DENIED and DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

---

could warrant equitable tolling, but only if the petitioner shows that he reasonably relied on his attorney's deceptive misrepresentations.").

District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 25th day of July, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE